Waties, J.
expressed the opinion oí himself, and of Gkihke, J. that the goods received criminally within the intent and meaning *278 of the A. A. of 1769, must be such, the stealing whereof would a capbal felony, or they must be taken burglariously, inasmuch as *be act subjects the receiver of such stolen goods, as accessary, to the pains of death, which the legislature never could have intended as the punishment of an accessary in any offence less than capital. And besides, in petit larceny, and offences under the degree of felony, there can be no accessaries before or after the fact. 2 Hawk. 315, 3 Inst. 139, 4 Bl. Com. Accessaries follow the nature of their principals, and cannot be guilty of a higher crime, and ought not to suffer a greater punishment.
The indictment ought to state the nature of the felony, burglary, or theft, in order that it may appear certainly, that it is a capital felony, admitting of accessaries : for the act declares, that the receiver shall be proceeded against as accessary, except the principal felon should not be taken so as to be prosecuted and convicted ; and declares, that such accessary shall incur the pains of death. By the act of 1789, P.L. 486, any person convicted of stealing any cow, ox, &c. shall be subject to a fine or penalty of ten pounds sterling, for each cow, &c., and in case of inability to pay the same, shall be subject to publicly whipped. Now, to subject the receiver of the meat of such beasts to fiue, public whipping, and standing iu the pil. liary, all which the act of 1769 provides, as the punishment of the misdemeanor for receiving of stolen goods knowingly, would be dis. proportionate and unreasonable; and, therefore, could not have been intended by the legislature. The principal would be proceeded against as felonious only, and the receiver as a felon. Such a construction of the act would be contrary to reason, and the general principles of law.
Johnson, J.
expressed the same opinion, with some variations-He did not express any opinion as to the form of the indictment.
■ Trezevant, J.,
was of opinion that there was good ground for a new trial, but that the exceptions were not sufficient to arrest the judgment, viz : that beef was not the thing stolen, but cattle, and the indictment was not proved as laid. He did not give any opinion as to what should be set forth in the indictment, as to the felony of the principal.
Judgment arrested.
Present, Grimke, Watxes, Johnson, Trezevant, and Brevard, Justices ; Bast, J. absent.
Note. — See 2 Leach’s Cases, 660. King v. Baxter. Indictment for a misdemeanor on the 22 Geo, 3, c. 58, against a receiver of stolen goods. After vsr *279 diet, it was moved in arrest of judgment, on the ground that the indictment was defective, as it did not state, negatively, that the person who had stolen the goods had not been convi -ted. All the juuges were unanimously of opinion that the objection was not good.
See st 1 Ann. üt. 3, c. 9, P. L, 93. Principal admitted to benefit of clergy, yet accessary to suffer, as if principal attainted. Buyers and receivers of stolen goods punished by fine and imprisonment, although principal be not before convicted, and exempt as accessary.
St. 3 and 4 VV. & M c 9, P. L. 86. Buyers and receivers, declared accessaries after the fact, and punished.
Act of 1769, P. h. 273, 274. Whereas the crimes of burglary, and breaking open houses, &e. Any person who shall receive, &c , knowing, &e., or hari hour, &c., shall be taken and received as accessaries, and suffer death. (1'his copied from 5 Ann c 31.) Provided, if principal felon, who shall commit such burglary, or felony aforesaid, cannot be taken, so as to be prosecuted and convicted, lawful to prosecute for receiving, as fora misdemeanor; to be punished by fine, whipping, and standing in the pillory, &c.
The 5 Ann. c. 13, seems to be taken, generally, although it speaks of burglary, &c. Must be a felony which admits of accessaries; and extends not to petit larceny. Principal thief must be prosecuted to conviction, if amenable. For receiving, &e,, the punishment is at the discretion of the judge. But see 5 Ann c. 13. Pine and imprisonment, or such other corpotal punishment, &e. See 2 East. C. L. 745, Fost. 373.